IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE,   *Plaintiff* | § § § § § § § § § | SA-22-CV-01359-XR |
| -vs- | | |
| UNIVERSITY OF TEXAS AT SAN ANTONIO,   *Defendant* | | |

## ORDER

On this day, the Court considered the above-captioned case. Plaintiff initiated this suit on December 12, 2022. ECF No. 1. On March 27, 2023, Plaintiff amended his complaint (ECF No. 7), and amended his complaint again on May 15, 2023 (ECF No. 13). Defendant moved to dismiss the second amended complaint (ECF No. 13) on July 11, 2023. ECF No. 16. Plaintiff responded in opposition to Defendant's motion (ECF No. 18) and, in the same filing, moved for leave to amend his complaint a third time (ECF No. 18-4).

The Court **GRANTS** Plaintiff's motion to amend his complaint for a third time (ECF No. 18-6) but **DISMISSES** Count I ("Violation of Due Process and Equal Protection Clause – U.S. Const. Amend. XIV"), Count III ("Violation of Title 42 of the United States Code, section 1981"), and any breach of contract claim contained therein on the basis that Plaintiff voluntarily agreed to drop these charges. *See* ECF No. 18 ("Plaintiff concedes that his Constitutional Due Process and Equal Protection claims, and Federal Section 1981 claim, and his Breach of Contract claim should be dismissed."). Accordingly, the Clerk's Office is **ORDERED** to file ECF No. 18-4 as Plaintiff's Third Amended Complaint with exhibits ECF Nos. 18-1 and 18-2.

Furthermore, the Court determines that Plaintiff may not proceed anonymously with this case. Parties must generally identify themselves in their pleadings. *Southern Methodist University*

*Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). No federal rule or statute allows a plaintiff to unilaterally use a pseudonym in court filings, and doing so is seen as contrary to the spirit of the Federal Rules. After all, Rule 10(a) requires a party commencing a civil action to disclose his or her name in the complaint, and Rule 17(a) requires that an action be prosecuted in the name of the real party in interest. *See* FED. R. CIV. PROC. 10(a), 17(a); *see Wynne & Jaffe*, 599 F.2d at 712. Such public access to information "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)).

Nonetheless, under exceptional circumstances, courts have allowed plaintiffs to conceal their true identifies when pursuing a lawsuit. *Wynne & Jaffe*, 599 F.2d at 712 (collecting cases). Though there is no "hard and fast" formula for determining whether a party may proceed anonymously, *Stegall*, 653 F.2d at 186, the Fifth Circuit isolated three characteristics common to cases in which courts allowed a party to proceed anonymously: (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy;" and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Wynne & Jaffe*, 599 F.2d at 712.

In this case, Plaintiff made no attempt to demonstrate a need for anonymity that outweighs the presumption of openness mandated by procedural custom and constitutional considerations. Otherwise, Plaintiff is directed to amend his complaint to reflect his identity pursuant to FED. R. CIV. PROC. 10 no later than **August 11, 2023**.

It is so **ORDERED**.

**SIGNED** this 3rd day of August, 2023.

                                                                                  Xavier Rodriguez
                                                                                  United States District Judge